**FILED**
**DECEMBER 6, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6900**

| | |
|---|---|
| Theresa Smith<br>PO Box 139<br>Channahon, IL 60410<br><br>    Plaintiff,<br><br>v.<br><br>Encore Receivable Management, Inc.<br>c/o STK Registered Agent, Inc., Registered Agent<br>9225 Indian Creek Pkwy, Suite 1100<br>Overland Park, KS 66210<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**JUDGE NORGLE**<br>**MAGISTRATE JUDGE ASHMAN**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. In or around the months of October 2007 and November 2007, Defendant repeatedly and continually telephoned Plaintiff's Ex-Husband's ("Ex-Husband") residence in an effort to collect the debt.

9. On several of these occasions, Defendant spoke to Plaintiff's daughter ("Daughter").

10. During several of the communications with Daughter, Daughter informed Defendant that Plaintiff did not reside at that address and could not be reached at that telephone number.

11. During at least one of the communications with Daughter, Defendant disclosed that Plaintiff owed a debt and that Defendant was a debt collector.

12. On or around November 2, 2007, Plaintiff telephoned Defendant and notified Defendant that Plaintiff could not be reached at Ex-Husband's residence and requested that Defendant cease further calls to that number.

13. Despite this notice, Defendant telephoned Ex Husband's residence twice more on or around November 2, 2007.

14. On or around November 12, 2007, Defendant telephoned Ex-Husband's residence and spoke to Ex-Husband.

15. During this communication, Ex-Husband notified Defendant that Plaintiff did not live at his residence and that he no longer communicates with Plaintiff.

16. Despite this notice, Defendant disclosed the existence and nature of Plaintiff's debt.

17. As a result of Defendant's actions, Plaintiff's relationships with both Daughter and Ex-Husband have been strained.

18. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

31. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

32. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

33. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

       RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
   Timothy J. Sostrin
   Bar ID # 6290807
   Attorney for Plaintiff
   20 W. Kinzie Street, Suite 1300
   Chicago, IL 60610
   Telephone: 866-339-1156
   Email: tjs@legalhelpers.com