UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Theresa Smith ,

        Plaintiff,

v.

Encore Receivable Management, Inc.,

        Defendant.

Case No. 07 C 6900
Judge Norgle
Magistrate Judge Ashman

### ENCORE RECEIVABLE MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Encore Receivable Management, Inc. (hereinafter "Encore") by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**ANSWER:**    **Encore admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331 and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein. Further, Encore admits that generally venue would be proper, but denies that Plaintiff has any claim herein.**

### FACTS COMMON TO ALL COUNTS

2.    The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

6281456v1 885590

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

3. Defendant is a corporation doing business primarily as a consumer debt collector.

    **ANSWER:** **Encore admits the allegations in Paragraph 3 of Plaintiff's Complaint.**

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the nature of the debt involved in this case; thus, Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

    **ANSWER:** **Encore admits that it was retained by one of its clients to collect money from the Plaintiff. Encore denies the remaining allegations of Paragraph 7.**

8. In or around the months of October 2007 and November 2007, Defendant repeatedly and continually telephoned Plaintiff's Ex-Husband's ("Ex-Husband") residence in an effort to collect the debt.

    **ANSWER:** **Encore admits that it attempted to contact Plaintiff and that on information and belief, Encore may have called Plaintiff's ex-husband's phone number in an attempt to locate Plaintiff. Encore denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.**

9. On several of these occasions, Defendant spoke to Plaintiff's daughter ("Daughter").

**ANSWER:** **Encore denies the allegations in Paragraph 9 of Plaintiff's Complaint.**

10. During several of the communications with Daughter, Daughter informed Defendant that Plaintiff did not reside at that address and could not be reached at that telephone number.

**ANSWER:** **Encore denies the allegations in Paragraph 10 of Plaintiff's Complaint.**

11. During at least one of the communications with Daughter, Defendant disclosed that Plaintiff owed a debt and that Defendant was a debt collector.

**ANSWER:** **Encore denies the allegations in Paragraph 11 of Plaintiff's Complaint.**

12. On or around November 2, 2007, Plaintiff telephoned Defendant and notified Defendant that Plaintiff could not be reached at Ex-Husband's residence and requested that Defendant cease further calls to that number.

**ANSWER:** **Encore denies the allegations in Paragraph 12 of Plaintiff's Complaint.**

13. Despite this notice, Defendant telephoned Ex Husband's residence twice more on or around November 2, 2007.

**ANSWER:** **Encore denies the allegations in Paragraph 13 of Plaintiff's Complaint.**

14. On or around November 12, 2007, Defendant telephoned Ex-Husband's residence and spoke to Ex-Husband.

**ANSWER:** **On information and belief, Encore may have called Plaintiff's ex-husband's phone number in an attempt to locate Plaintiff. Encore denies the remaining allegations in Paragraph 14 of Plaintiff's Complaint.**

15. During this communication, Ex-Husband notified Defendant that Plaintiff did not live at his residence and that he no longer communicates with Plaintiff.

    **ANSWER:** **Encore denies the allegations in Paragraph 15 of Plaintiff's Complaint.**

16. Despite this notice, Defendant disclosed the existence and nature of Plaintiff's debt.

    **ANSWER:** **Encore denies the allegations in Paragraph 16 of Plaintiff's Complaint.**

17. As a result of Defendant's actions, Plaintiff's relationships with both Daughter and Ex-Husband have been strained.

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

18. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

19. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

    **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

20. Defendant violated the FDCPA.

    **ANSWER:** **Encore denies the allegations in Paragraph 20 of Plaintiff's Complaint.**

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

> **ANSWER:** Encore incorporates by reference its preceding responses as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

> **ANSWER:** Encore denies the allegations in Paragraph 22 of Plaintiff's Complaint.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

> **ANSWER:** Encore incorporates by reference its preceding responses as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

> **ANSWER:** Encore denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

> **ANSWER:** Encore incorporates by reference its preceding responses as if specifically stated herein.

26. The Defendant violated 15 U.S.C. § 1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

> **ANSWER:** **Encore denies the allegations in Paragraph 26 of Plaintiff's Complaint.**

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

> **ANSWER:** **Encore incorporates by reference its preceding responses as if specifically stated herein.**

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

> **ANSWER:** **Encore denies the allegations in Paragraph 28 of Plaintiff's Complaint.**

## COUNT FIVE

### Invasion of Privacy by Intrusion Upon Seclusion

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

> **ANSWER:** **Encore incorporates by reference its preceding responses as if specifically stated herein.**

30. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

> **ANSWER:** **Encore denies the allegations in Paragraph 30 of Plaintiff's Complaint.**

31. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

> **ANSWER:** **Encore denies the allegations in Paragraph 31 of Plaintiff's Complaint.**

32. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

> **ANSWER:** **Encore is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of Plaintiff's Complaint and, therefore, denies the same for the present time.**

33. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

> **ANSWER:** **Encore denies the allegations in Paragraph 33 of Plaintiff's Complaint**

34. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

> **ANSWER:** **Encore denies the allegations in Paragraph 34 of Plaintiff's Complaint.**

## AFFIRMATIVE DEFENSES

Defendant Encore Receivable Management, Inc. (hereinafter "Encore") by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Defendant Encore affirmatively states that it maintains reasonable training procedures for all employees who participate in any collection activity or communication. Any communication which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense.

WHEREFORE, Encore prays that Plaintiff's Complaint be dismissed with prejudice, for an order awarding Defendant its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Date: February 11, 2008

Respectfully submitted,
ENCORE RECEIVABLE MANAGEMENT, INC.

By: s/ Nabil G. Foster
One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
               nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

      I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **ENCORE RECEIVABLE MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 11th day of February, 2008.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Timothy J. Sostrin |
| ___ | Federal Express | Legal Helpers, P.C. |
| ___ | Mail | 20 W. Kinzie Street, Suite 1300 |
| ___ | Messenger | Chicago, IL 60610 |
| | | tjs@legalhelpers.com |
| | | Phone No: (312) 753-7576 |
| | | Fax No: (312) 822-1064 |

                                                s/Nabil G. Foster
                                                One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                         nfoster@hinshawlaw.com